******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* FELIMON C.*
(AC 43686)

Elgo, Cradle and Harper, Js.

*Syllabus*

Convicted, following a plea of guilty, of the crimes of sexual assault in the
second degree and risk of injury to a child, the defendant appealed to
this court from the judgment of the trial court denying his motion to
correct an illegal sentence. The fourteen year old victim of the sexual
assault indicated in a forensic interview that she and the defendant
had engaged in two sexual encounters and, subsequently, she became
pregnant. The victim delivered the child and arrangements were made for
her sister to adopt the child. Under the plea agreement, the defendant's
sentence included a condition of probation that he would not contest
or interfere with the adoption of the child conceived by the sexual
assault. The defendant claimed that the condition of probation at issue
violated his constitutional rights and that the condition exceeded the
court's authority. The court denied the defendant's motion, finding that
the provisions of the applicable statute (§ 53a-30) were not exhaustive
and that, given the severity of the offense, the condition was bargained
for and was reasonable. Following oral argument before this court, this
court ordered the trial court to resolve certain factual issues that were
not clear from the record, and, after a hearing, the trial court found
that the defendant's parental rights had been terminated by the Probate
Court, the defendant's appeal of that decision had been dismissed, and
the child had been adopted by order of the Probate Court. *Held* that
because the defendant's parental rights had been terminated and the
child had been adopted, the appeal was moot: the provisions of the
applicable statute (§ 45a-719) concerning a motion to open or set aside
a judgment terminating parental rights make clear that the court may
not grant such a motion, if, prior to the filing of such a motion, a final
decree of adoption has been issued; moreover, with respect to the
adoption of the child, even if an avenue to challenge the adoption existed,
the defendant would lack standing to pursue it, and, accordingly, this
court could not grant the defendant any practical relief.

Argued April 12—officially released August 17, 2021

*Procedural History*

Information charging the defendant with the crimes
of sexual assault in the second degree and risk of injury
to a child, brought to the Superior Court in the judicial
district of Danbury, where the defendant was presented
to the court, *Krumeich, J.*, on a plea of guilty; judgment
of guilty in accordance with the plea; thereafter, the
court, *D'Andrea, J.*, denied the defendant's motion to
correct an illegal sentence, and the defendant appealed
to this court. *Appeal dismissed.*

*Judie Marshall*, for the appellant (defendant).

*Christopher A. Alexy*, senior assistant state's attor-
ney, with whom were *Melissa L. Streeto*, senior assis-
tant state's attorney, and, on the brief, *Stephen J. Seden-
sky III*, state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Felimon C., appeals from the judgment of the trial court denying his motion to correct an illegal sentence. Specifically, he claims that (1) the sentencing court lacked statutory authority to impose a condition of probation prohibiting him from contesting the adoption of the minor child conceived as a result of his sexual assault (condition), (2) the condition was illegal because it violated his constitutionally protected right to familial association, (3) he did not waive his right to challenge the condition by voluntarily entering into a plea agreement, and (4) the appropriate remedy is to retain "the original sentence while striking the unlawful condition of probation." Because the defendant's parental rights have been terminated and the minor child has been adopted, we conclude that the appeal is moot.

The following facts and procedural history are relevant to our disposition of this appeal. On February 29, 2016, detectives with the Danbury Police Department were dispatched to Danbury Hospital following a reported sexual assault. Upon their arrival, they learned that the victim, who was fourteen years old, was three months pregnant. The detectives conducted a forensic interview, during which the victim indicated that she and the thirty-one year old defendant had begun exchanging text messages after he had delivered pizza to her home, and, following two sexual encounters, she became pregnant. The victim ultimately delivered the child, and arrangements were made for her sister to adopt the child.

On September 7, 2017, the defendant entered a guilty plea before the court, *Krumeich, J.*, to sexual assault in the second degree and risk of injury to a child. The agreed on disposition was a term of "fifteen years [of incarceration], execution suspended after . . . one [year], followed by twenty years [of] probation." Additionally, under the plea agreement the sentence included the condition that the defendant would not contest or interfere with the adoption of the minor child conceived by the sexual assault. On October 19, 2017, the court, *Welch, J.*, sentenced the defendant in accordance with the plea agreement. The court also entered a no contact standing criminal protective order in favor of the victim and specified that "this order also protects the [victim's] minor children. This order shall remain in full force and effect until October 19, 2032."

On February 20, 2019, the defendant filed a motion to correct an illegal sentence, asserting that the condition violated his "constitutional rights under the first amendment and the due process clauses of the fifth and fourteenth amendments to the United States constitution and article first, §§ 8, 9, and 14, of the Connecticut constitution," and that the condition exceeded the

court's authority "pursuant to General Statutes § 53a-30." He argued that he has a constitutional right to familial association and that, "[b]y requiring the defendant . . . to refrain from contesting [the] termination of his parental rights, the court's order require[d] the defendant to choose between exercising his right to contest the termination of his [parental] rights or risk violating his probation." With respect to § 53a-30, the defendant argued that the court lacked statutory authority to impose the condition because it was "not [one of the] specifically enumerated condition[s]" set forth in the statute. The defendant alleged that the proper remedy was to resentence him in accordance with the plea agreement and omit the condition concerning the adoption.

The trial court, *D'Andrea, J.*, heard argument on the defendant's motion to correct an illegal sentence on June 4, 2019. On October 1, 2019, the court issued a memorandum of decision denying the motion. The court found that the provisions of § 53a-30 (a) are not exhaustive, and that, given the severity of the offense against the victim, "the condition of not contesting the adoption was one not only bargained for, but reasonable under all of the circumstances, and provided for the protection of the victim and the victim's child."

This appeal followed. On appeal, the parties disagree with respect to whether the defendant's parental rights had been terminated and whether the adoption had been completed prior to the hearing on the defendant's motion to correct an illegal sentence. The state argues that "[t]he record reveals that, on an unspecified date prior to the hearing on the defendant's motion, the defendant's parental rights had been terminated and the adoption had been completed in the Hartford [Regional Children's] Probate Court." The defendant counters that "the record does not reflect the child had been adopted" and that, "[c]ontrary to the state's assertion, there is nothing in the record indicating that the adoption had been finalized at the time of the hearing. The portion of the transcript referenced by the state [in support of its claim that the] adoption had been finalized, instead, addressed parental rights, which counsel for the defendant represented had been terminated."

Oral argument was held before this court on April 12, 2021. On May 25, 2021, we ordered the trial court, sua sponte, to resolve the following factual issues that were not clear from the record: "(1) Were the defendant's parental rights terminated, and, if so, when? (2) Was there an appeal of the decision terminating the defendant's parental rights and, if so, what is the outcome of that appeal? (3) Are adoption proceedings pending, or has the minor child been adopted and, if so, when did that order enter?" After a hearing, the trial court issued the following factual findings on June 24, 2021: "[T]he court finds (1) that the [defendant's] paren-

tal rights were terminated by the Hartford Regional [Children's] Probate Court on December 17, 2018 . . . (2) that there was an appeal of the Hartford Regional [Children's] Probate [Court's decision] filed by the defendant . . . on January 16, 2019, in the Superior Court [in the judicial district of Fairfield] . . . Juvenile Matters at Bridgeport, which appeal was dismissed by the court for failure to appear and prosecute on July 31, 2019, and no further proceedings have occurred in the matter . . . [and] (3) that the minor child has been adopted by order of the Farmington Regional Probate Court on December 23, 2020."

Thereafter, we issued the following order on June 29, 2021: "The court having received the trial court's findings and having taken judicial notice of the attached documents hereby sua sponte orders the parties to file supplemental briefs, of no more than [ten] pages [within fourteen days] giving reasons, if any, why this appeal should not be dismissed as moot."

"Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *Wilcox* v. *Ferraina*, 100 Conn. App. 541, 547–48, 920 A.2d 316 (2007). "In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." *Hechtman* v. *Savitsky*, 62 Conn. App. 654, 659, 772 A.2d 673 (2001).

On the basis of the trial court's findings of fact and the parties' supplemental briefs, we conclude that this appeal is moot. With respect to the termination of parental rights, the state argues that, because the adoption has been finalized, no court has the authority to open, set aside, or modify the termination of the defendant's parental rights. The defendant contends that the termination and adoption may be opened. The provisions of General Statutes § 45a-719, however, make clear that "[t]he court may grant a motion to open or set aside a judgment terminating parental rights . . . *except that no such motion or petition may be granted if a final decree of adoption has been issued prior to the filing of any such motion or petition*." (Emphasis added). Moreover, with respect to the adoption, we agree with the state that, even if an avenue to challenge the adoption existed, the defendant would lack standing to pursue it. See General Statutes § 45a-731 ("[a] final decree

of adoption . . . shall have the following effect in this state . . . (5) . . . the legal relationship between the adopted person and the adopted person's biological parent or parents . . . is terminated for all purposes'').

In his supplemental brief, the defendant requests, as relief, that we "reverse the decision of the trial court, remand, and order the trial court to correct the defendant's sentence by striking the condition of probation prohibiting him from contesting the termination of his parental rights and the adoption of his minor child." The minor child, however, has been adopted, the defendant's parental rights have been terminated, and the defendant's appeal of the termination of his parental rights was dismissed. Accordingly, we can no longer grant the defendant practical relief, and this appeal is moot.

The appeal is dismissed.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the victims of sexual assault and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Moreover, in accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018); we decline to identify any party protected or sought to be protected under a protective order or a restraining order that was issued or applied for, or others through whom that party's identity may be ascertained.